IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **BLAYDE CROCKETT,**<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　　Respondent. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:07CV257DAK |

　　　　This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  On April 30, 2004, petitioner was found guilty on counts 1-4 of the Indictment.  On August 27, 2004, Petitioner was sentenced to 70 months incarceration followed by 36 months supervised release.  Petitioner then appealed the conviction on September 7, 2004.  On January 31, 2006, the Tenth Circuit affirmed the judgment of the court, but remanded for resentencing in light of the *Booker* decision.  *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006); *United States v. Booker,* 543 U.S. 220 (2005).  Petitioner did not file a petition for certiorari with the United States Supreme Court.  On April 26, 2006, the judgment of the court was amended and Petitioner was resentenced to 70 months incarceration followed by 36 months of supervised release.

　　　　On April 20, 2007, Petitioner filed the motion before the court.  Petitioner attacks his sentence by alleging ineffective assistance of counsel and also alleging violations of due process.

The court requested that the government respond to Petitioner's motion. After the government responded, the court allowed Petitioner to file a reply.

## I. <u>Ineffective Assistance of Counsel</u>

Petitioner claims that he received constitutionally deficient assistance of counsel due to counsel's alleged: (1) failure to call witnesses; (2) failure to complete cross examination of the prosecution's witnesses; (3) failure to inform Petitioner of the risks and potential consequences of personally testifying; (4) failure to use impeachable material going to credibility of the prosecution's witnesses thus preventing counsel from introducing exculpatory evidence; (5) counsel's lack of trial experience; and (6) court appointed counsel's alleged failure to properly investigate the charges, provide expert services, or discuss possible defense strategies with Petitioner.

Motions brought pursuant to 28 U.S.C § 2255 "are not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)). Additionally, when a matter is actually decided on appeal, it cannot be relitigated in a § 2255 motion. *United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999); *see Withrow v. Williams*, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring). When an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 proceeding, unless he establishes. . . cause excusing the procedural default and prejudice resulting from a fundamental miscarriage of justice." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

A defendant may establish cause to excuse the procedural default of failing to raise an

issue on direct appeal upon a showing that he or she received ineffective assistance of counsel. *Cook*, 45 F.3d at 392.  As to Petitioner's claim that his trial counsel was ineffective, he must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *Cook*, 45 F.3d at 392.

Petitioner has failed to show that his counsel's performance was constitutionally deficient and has also failed to show that counsel's performance was prejudicial.  There is a strong presumption that trial counsel was using sound trial strategy. *United States v. Miller*, 907 F.2d 994, 998 (10th Cir. 1990).  There is no basis for this court to question trial counsel's strategic decisions in this case.

Additionally, Petitioners claim that private counsel's performance was constitutionally deficient due to lack of experience is without merit.  It is well established that "[l]ack of experience is a factor that may contribute to ineffective representation but certainly does not dictate such a result." *Alire v. United States*, 365 F.2d 278 (10th Cir. 1966).  An attorney can provide effective assistance even without any prior experience in criminal advocacy. *See, e.g.*, *United States v. Lewis*, 786 F.2d 1278, 1281-82 (5th Cir. 1986) (finding that the focus of the inquiry is not on counsel's level of experience in the subject matter but whether the attorney actually rendered reasonable effective assistance).

Petitioner has failed to show that counsel's inexperience had any material effect on the outcome of the case that would result in prejudice.  Petitioner by his own choice terminated representation by the Federal Public Defender and retained private counsel to represent him at trial and on appeal.  Furthermore, Petitioner did not question the adequacy of his representation

during the trial or retain separate counsel for the appeal of this case.

Petitioner's claim that he received ineffective assistance for counsel's alleged failure to warn Petitioner of the potential consequences of personally testifying is also without merit. Petitioner was given ample notice of such consequences when prior to testifying he was administered the oath, whereby he swore to tell the truth. When a defendant takes the stand, he "must testify truthfully or suffer the consequences." *United States v. Havens*, 446 U.S. 620, 626 (1980).

The substance of Petitioner's remaining claims were either considered and rejected[1] on appeal to the Court of Appeals for the Tenth Circuit, or were not raised on direct appeal and are now procedurally barred.

## II. Due Process

Petitioner also attacks his sentence by alleging constitutional violations of due process based on: (1) insufficient time provided to prepare a defense; (2) the alleged secrecy of the hearing held before the grand jury; (3) the alleged governments withholding of exculpatory evidence from the grand jury investigation; and (4) the alleged coaching of witnesses by the government.

Petitioner was given ample time to prepare a defense with the assistance of competent counsel. Petitioner's alleged violations of due process concerning the grand jury investigation were already considered and rejected by the Court of Appeals for the Tenth Circuit. *Crockett*, 435

---

[1] These claims include: (1) the alleged failure of counsel to complete cross examination of the prosecution's witnesses; and (2) the alleged failure of counsel to use impeachable material going to credibility of the prosecution's witnesses thus preventing counsel from introducing exculpatory evidence. *Crockett*, 435 F.3d at 1311-16.

F.3d at 1316-18.  Petitioner's remaining claims were not raised on appeal and are therefore procedurally barred.

For the above reasons and the reasons set forth in the government's response, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 14th day of January, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge